UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| SUE WYRICK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:06-CV-122-CDP |
|  | ) |  |
| DUNKLIN COUNTY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Sue Wyrick, an inmate at the Chillicothe Correctional Center (CCC), for leave to commence this action without payment of the required filing fee [doc. #2]. Also before the Court is applicant's motion for appointment of counsel [Doc. #4]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $10.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly

1

payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of her prison account statement for the six month period immediately preceding the submission of her complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $53.33, and an average monthly account balance of $16.91. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

## The complaint

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights. Dunklin County, Missouri, is named as the sole defendant. Plaintiff alleges that: (1) the Dunklin County officers who took her to the Women's Eastern Reception and Diagnostic Correctional Center (WERDCC) gave her a cigarette lighter, soda, and pills and told her "take all you want, don't o.d."; (2) the officers talked to her about her past charges and her alleged relationship with another woman; (3) her house was burglarized, car stolen, and possessions taken; (4) that she filed reports informing officials that Johnny Wyrick had committed child molestation and abuse of the elderly; and (5) that the Sheriff, the prosecutor, and the state court judge took no action with regard to these allegations. In addition to damages, plaintiff seeks to have criminal charges brought against unnamed defendants.

## Discussion

Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). With regard to the unnamed Dunklin County officers who transported plaintiff to WERDCC, there is no indication that plaintiff actually consumed the proffered soda or pills and no indication that the unnamed officers threatened her if she did not partake of them. While the allegations are disturbing and evince unprofessional behavior on the part of the unnamed Dunklin County officers, the allegations do not indicate that any of plaintiff's constitutional rights were violated.

With regard to Dunklin County, plaintiff has failed to allege that the unlawful actions were performed pursuant to the County's policies or customs. See Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). Absent such allegation, plaintiff's complaint does not state a cause of action against the County.

Finally, it is beyond this Court's power to mandate that state officials initiate criminal investigations and prosecute criminal charges.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $16.91 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2007.